FILED

2008 Jul-11  AM 09:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **ASHLEY NICOLE SMITH, by** | ] | |
| **and through her next friend,** | ] | |
| **MARY R. FERGUSON,** | ] | |
| | ] | |
| **Plaintiff,** | ] | **Case No.:  4:08-CV-901-VEH** |
| | ] | |
| **v.** | ] | |
| | ] | |
| **PHILLIP LESLIE PARKER,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## <u>MEMORANDUM OPINION</u>

## I.      INTRODUCTION

Plaintiff Ashley Nicole Smith ("Smith"), by and through her next friend, Mary R. Ferguson, originally filed this personal injury case in the Circuit Court of DeKalb County, Alabama, on April 23, 2008.  (Doc. #1 ¶ 1; *see also* Doc. #1 at Ex. A at Compl.).  The case stems from a motor vehicle accident that occurred on August 18, 2007, in which the minor plaintiff Smith was struck and injured.  (*Id.* ¶ 5; *see also* Doc. #1 at Ex. A at Compl. at Count I ¶ 2).

Defendant Phillip Leslie Parker ("Parker") removed this litigation to this court on May 23, 2008, asserting diversity under 28 U.S.C. § 1332 as the basis for federal jurisdiction.  (Doc. #1 ¶ 6).  The court has before it Smith's Motion to Remand (Doc. #5) filed on June 16, 2008.  Parker filed his opposition (Doc. #7) to Smith's Motion

to Remand on June 24, 2008, and Smith filed her reply (Doc. #9) on July 2, 2008.

Additionally, on June 26, 2008, Parker filed a request for oral argument. (Doc. #8).[1] Because the court concludes that it lacks subject matter jurisdiction, Smith's Motion to Remand is due to be granted.

## II.    SUBJECT MATTER JURISDICTION

### A.    General Principles

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of South Alabama v. The American Tobacco Co., et al.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal citations omitted). "Accordingly, when a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id.* (internal citations omitted). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410 (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1868)).

"A necessary corollary to the concept that a federal court is powerless to act

---

[1]The court denies Parker's request to present oral argument for the reasons explained at the end of this memorandum opinion.

without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410. "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

Furthermore, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951)) (internal footnotes and citations omitted). Moreover, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

Lastly, Congress has decreed and the Supreme Court has confirmed that - with the express exception of civil rights cases that have been removed - orders of remand by district courts based upon certain grounds, including in particular those premised

upon lack of subject matter jurisdiction, are entirely insulated from review.  More specifically, § 1447(d) provides:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d) (emphasis added); *see also Kirchner v. Putnam Funds Trust*, 547 U.S. 633, 642 (2006) (recognizing that "'[w]here the [remand] order is based on one of the grounds enumerated in 28 U.S.C. § 1447(c), review is unavailable no matter how plain the legal error in ordering the remand'") (citing *Briscoe v. Bell*, 432 U.S. 404, 413 n.13 (1977)); Milton I. Shadur, *Traps for the Unwary in Removal and Remand*, 33 no. 3 Litigation 43 (2007); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S. Ct. 2411, 2418 (2007) (holding that when "the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)").

### B.      Diversity Jurisdiction

Parker premises his removal upon this court's diversity jurisdiction. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. §

1332(a)).   Therefore, removal jurisdiction based upon diversity requires:   (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s); and (2) satisfaction of the amount in controversy requirement.

### 1.    Citizenship Requirement

Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth.*, 22 F.3d 1559,1564 (11th Cir. 1994). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).  There is no dispute over satisfaction of the citizenship requirement in this case.

### 2.    Amount in Controversy Requirement

Regarding amount in controversy, "when Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a minimum monetary amount in controversy between the parties." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citing *Snyder v. Harris*, 394 U.S. 332, 334 (1969)). Today, the threshold amount in controversy for diversity jurisdiction, excluding interests and costs, is $75,000.  28 U.S.C. § 1332.

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the

amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (2000); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007), *cert. denied*, ___ U.S. ___, No. 07-1246, 2008 WL 872061 (June 2, 2008).

In assessing the propriety of removal, "the court considers the documents received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery*, 483 F.3d at 1211 (emphasis added).  In *Lowery*, the Eleventh Circuit was at a loss to determine by what means it could make an informed assessment of the amount in controversy because the damages were unspecified and only the bare pleadings were available.  *Id*. at 1210.

Similarly, in this case, the court finds that the allegations of the amount in controversy made in the notice of removal coupled with the unspecified damages contained in the complaint are insufficient to establish satisfaction of the amount in controversy requirement.  In his notice of removal, Parker unpersuasively maintains that, even though Smith has failed to assert any specific monetary amounts and has only in a limited fashion described the nature of her injuries, including general

references to "permanent disfigurement and damaged muscle and cartilage," still "the amount in controversy exceeds the $75,000.00 jurisdictional amount[.]" (Doc. #1 ¶¶ 5, 7; *see also* Doc. #1 at Ex. A at Compl. at Count I ¶ 3(a), (c)).

As Smith notes in her reply, Parker also attempts to bolster his amount in controversy argument by attaching the Uniform Alabama Accident Traffic Report to his opposition. (Doc. #7 at Ex. 1). Additionally, Parker discusses his understanding that Smith lacks any health insurance and stayed "in the hospital for at last [sic] a couple of days prior to her release." (Doc. #7 at 4).

Neither the traffic report obtained by Parker, nor his beliefs about the nature of Smith's injuries and/or the scope of her damages are sufficient under *Lowery* for at least three (3) reasons. First, neither involves a document or paper that Parker received from Smith, which makes it inappropriate for the court to consider. *Lowery*, 483 F.3d at 1211. Second, as neither of these was part of Parker's removing documents, it cannot serve as a basis in support of his removal. *Id.* at 1211. Third, even if appropriate for consideration, what is established by either of these regarding the amount in controversy is ambiguous.

As supportive case authority for his untenable position, both in his notice of removal (Doc. #1 ¶ 7) and in his opposition (*see generally* Doc. #7), Parker cites primarily to only pre-*Lowery* decisions and relies upon no post-*Lowery* controlling

7

opinions. *See, e.g., Kilpatrick v. Martin K. Eby Construction Co.*, 708 F. Supp. 1241 (N.D. Ala. 1989); *McCoy v. Erie Insurance Co.*, 147 F. Supp. 2d 481 (S.D.W.Va. 2001); *Toole v. Chupp*, 456 F. Supp. 2d 1218 (M.D. Ala. 2006); *Alexander v. Captain D's, LLC*, 437 F. Supp. 2d 1320 (M.D. Ala. 2006); *Brooks v. Pre-Paid Legal Services, Inc.*, 153 F. Supp. 2d 1299 (M.D. Ala. 2001).

The only two (2) post-*Lowery* cases that Parker does cite to are the unreported district court decisions in *Oliver v. Rodriguez*, No. 2:08-CV-0081-WHA, 2008 WL 928328 (M.D. Ala. Apr. 4, 2008) and *Walker v. Huggins*, No. 3:07-CV-503-MEF, 2008 WL 1745336 (M.D. Ala. Apr. 11, 2008). (Doc. #7 at 3, 9). The court notes that entirely absent from both *Oliver* and *Walker* is <u>any</u> mention, much less a discussion, of *Lowery*.

Further, in *Oliver*, the court conducted a post-removal evidentiary hearing in which "Plaintiff's counsel conceded that the Armijo Defendants' primary insurance policy contained a $750,000.00 limit" and "stated that, although he doubted that a verdict in excess of $750,000.00 was likely, he was unwilling, at that time, to stipulate to the dismissal of ALFA, the uninsured motorist policy carrier." *Id.*, 2008 WL 928328, at * 4. Unlike *Oliver*, in this case no evidence of any policy coverage in excess of the jurisdictional minimum exists. Also, no record of a plaintiff's refusal

to dismiss an uninsured motorist policy carrier exists.[2]

As for *Walker*, Parker relies upon it as an example of a court's "referencing [a] plaintiff's offer to execute documents to verify the amount in controversy was less than $75,000.00."  (Doc. #7 at 9).  However, the jurisdictional decision in *Walker* does not turn upon this offer to stipulate,[3] but rather upon the unambiguous allegations of the complaint.

More specifically, in *Walker*, the district court ordered a remand emphasizing that, in making the jurisdictional challenge, the plaintiff points out that "*[t]he Complaint specifically limits the recovery to less than $75,000 on at least three occasions (See Complaint)*."  *Id.*, 2008 WL 1745336, at *2  (citing to plaintiff's remand motion) (emphasis supplied by *Walker* court).  In sharp contrast to *Walker*, the damages in this case are unspecified and a different jurisdictional test (*i.e.*, the standard enunciated in *Lowery*) applies.  Therefore, *Walker* (like *Oliver*), is similarly

---

[2]As Smith analyzes *Oliver*, "in order to recover any monetary damages from ALA [the uninsured motorist policy carrier], Oliver would have to receive a damage award in excess of $750,000.  Oliver's refusal to dismiss the U'S claim and ALA evidenced Oliver's contention that he was entitled to damages in excess of $750,00 and, certainly, in excess of $75,000."  (Doc. #9 at 5).

[3]Nor does *Walker* stand for the proposition that a plaintiff should, <u>much less must</u>, enter into a stipulation that places a cap upon any damages potentially recoverable in order to secure a remand to state court, which seems to be Parker's alternative position in this case.  (*See, e.g.*, Doc. #7 at 9 ("Notwithstanding the above, however, the defendant would have no opposition to remand if an affidavit was executed by plaintiffs and plaintiffs' counsel indicating the plaintiffs would not seek nor accept any damages in excess of $75,000.00.")).  As Smith points out in her reply (Doc. #9 at 7), at least one post-*Lowery* case makes it clear that "[standing alone, a failure to stipulate will not defeat a motion to remand." *Martinez v. J.C.D. Penney Corp., Inc.*, No. 08-20803-CIV, 2008 WL 2225663, at *3 (S.D. Fla. May 29, 2008).

off the mark and unhelpful to Parker.

Finally, in her remand papers, Smith cites to several persuasive post-*Lowery* opinions that support remanding this case for failure to satisfy the amount in controversy requirement. *See, e.g., Beasley v. Fred's Inc.*, No. 08-0120-WS-C, 2008 WL 899249, at *1 (S.D. Ala. Mar. 31, 2008) (remanding *sua sponte* because "[t]he amount in controversy [was] not apparent from the face of the complaint, because there [was] no way to determine from the complaint whether the plaintiff has been injured so badly as to make an award of over $75,000 more likely than not"); *Spivey v. Fred's Inc.*, ___ F. Supp. 2d ___, No. 2:07CV594-WHO, 2008 WL 2120169, at *3 (M.D. Ala. May 20, 2008) (remanding *sua sponte* on the basis that the "court is not permitted to speculate as to the amount of damages in evaluating whether the jurisdictional amount has been met."); *Siniard v. Ford Motor Co.*, ___ F. Supp. 2d ___, No. 2:08CV14-MEF, 2008 WL 2132078, at *2 (M.D. Ala. May 22, 2008) (granting motion to remand in removed wrongful death action on grounds that "defendant and the court may not speculate about the amount in controversy, nor should 'the existence of jurisdiction' be 'divined by looking to the stars'") (citing *Lowery*, 483 F.3d at 1215).[4]  Parker makes no effort to distinguish any of the post-

---

[4]The undersigned has also rendered several *Lowery*-based remand decisions from which its analysis and disposition of this case persuasively flow.  *See, e.g., Wright v. Allstate Ins. Co.*, No. 1:08-CV-449-VEH, (Docs. #6, #7) (N.D. Ala. Apr. 23, 2008); *Standfield v. Fleet Global Services*, No. 2:07-CV-2307-VEH, (Docs. #10, #11) (N.D. Ala. Mar. 11, 2008).

*Lowery* decisions relied upon by Smith.

While this court recognizes that the requisite amount in controversy might exist, "[i]f the court asserts jurisdiction on the basis of the defendant's speculative assertions, it implicitly accepts rank speculation as reasonable inquiry [per Rule 11]. This could undermine the requirement of reasonable inquiry not only in removal situations, but also in other contexts." *Lowery*, 483 F.3d at 1215 n.67.

As *Lowery* explains, "the district court has before it only the limited universe of evidence available . . . [and] if that evidence is insufficient to establish that removal was proper or that jurisdiction is present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id.* at 1214-15; *see also Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir. 1978) (holding that "it was not open for defendants to attempt to show" the requisite amount in controversy per capita where the complaint made insufficient allegations, "[n]or was it open to the district court to speculate that such was in fact the case").[5] "Under § 1446(b), the operative document must unambiguously establish federal jurisdiction." *Belkin v. Home Depot U.S.A., Inc.*, No. 07-61368-CIV, 2007 WL 4247685, at *1 (S.D. Fla. Dec. 3, 2007) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214 (11th Cir.

---

[5]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2007) (citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) ("holding that the document must be 'unequivocally clear and certain'")).

Therefore, "jurisdiction is either evident from the removing documents or remand is appropriate." *Lowery*, 483 F.3d at 1211. "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Id*. at 1215. Accordingly, Parker has not satisfied his preponderance of evidence standard by unambiguously establishing the amount in controversy as mandated under *Lowery*, and the case is due to be remanded for lack of subject matter jurisdiction for this reason.

## III.   CONCLUSION

Therefore, as explained above, the court lacks subject matter jurisdiction, and Smith's Motion to Remand is due to be granted. Further, because the jurisdictional issues are straightforward, the court sees no benefit to holding a hearing and, in its discretion, declines to set one. Accordingly, an order will be entered remanding the case to the Circuit Court of DeKalb County and denying Parker's request for oral argument.

**DONE** and **ORDERED** this the 11th day of July, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge